IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR290 |
| | ) | |
| v. | ) | |
| | ) | |
| STERLING J. McKOY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon remand from the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"). Defendant was convicted by a jury in 2004 of one count of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. See U.S. v. McKoy, 665 F.3d 968, 969 (8th Cir. 2011). This Court found defendant responsible for more than 1.5 kilograms (100.06 kilograms total) of cocaine base ("crack" cocaine) and found defendant at a criminal history category VI for sentencing purposes. Id. Defendant's original sentencing guideline range was 360 months to life. Id. This Court sentenced him to 348 months with a 12-month credit for time served. Id.

One month after defendant's sentencing, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). In light of this decision and upon remand from the Eighth Circuit, this Court sentenced defendant to 300 months, giving him a 60-month variance from his guideline range. McKoy, at 969.

In March 2011, defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon amendment 706 to the United States Sentencing Commission Guidelines Manual. See Filing No. 442. This amendment became effective in 2007, lowering the base offense levels for crack cocaine offenses. McKoy, at 969. Section 3582(c)(2) provides the district court with "discretionary authority to reduce a defendant's term of imprisonment if the original sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" Id. This Court denied the motion, finding amendment 706 was not retroactive. See Filing No. 444. The Eight Circuit disagreed, reversed and remanded the case for this Court to reconsider defendant's motion in light of the fact that amendment 706 has retroactive effect. See U.S.S.G. § 1B1.10(c) (2011).

"[W]hile this appeal was pending, the Sentencing Commission made changes to the policy statement applicable to § 3582(c)(2) motions." McKoy, at 970. Pursuant to U.S.S.G. §1B1.10(b)(2), sentence reductions below a defendant's amended guideline range are allowed only in instances where defendant has provided substantial assistance to the government.[1] See U.S.S.G.

---

[1] Defendant, in this case, did not provide "substantial assistance" to the government, and thus, would not be eligible for a sentence reduction below his guideline range under this policy statement.

§ 1B1.10(b)(2) (2011).  The Eighth Circuit has instructed this Court to consider whether this newer version of the relevant policy statement applies, or if the previous version, which does not contain the provision related to "substantial assistance" applies.

The Court finds the newer version applies.  The Sentencing Commission's policy statements are binding on district courts deciding § 3582(c) motions.  See Dillon v. United States, 130 S. Ct. 2683, 2692-93 (2010).  Furthermore, Application Note 6. to U.S.S.G. § 1B1.10 provides " . . . the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)."  U.S.S.G. § 1B1.10 cmt. n.6 (2011).

Such finding, however, is not relevant to defendant's case because defendant does not qualify for a reduction of sentence.  Defendant's amended guideline range for 100.06 kilograms of crack cocaine and a criminal history category VI is 360 months to life.  Thus, the Court finds the defendant is not entitled to a sentence reduction.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of June, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court